# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff-Respondent, <br> vs. <br> SERGIO INIGUEZ, <br> Defendant-Petitioner. | CASE NO. 11cv1851/10cr1564 <br><br> **ORDER DENYING DEFENDANT'S MOTION** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. Section 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 10cr1564. This Court issued an order requiring response to the Motion. The United States ("Government") filed a response, and Defendant filed a traverse. For the reasons which follow, the Motion is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

Defendant was represented by counsel throughout his criminal case. On May 19, 2010, he entered into a Plea Agreement and pleaded guilty to one count of intentionally importing approximately 32.42 kilograms (71.32 pounds) of cocaine in violation of 21 U.S.C. §§ 952 and 960. (Plea Agreement at 2.) Among other things, this charge carries a maximum penalty of life in prison with a mandatory minimum of ten years in prison. (*Id*. at 4.) In the Plea Agreement Defendant waived his right to appeal

/ / / / /

/ / / / /

/ / / / /

and collateral attack on the judgment and sentence. This Court sentenced him on August 6, 2010 to the mandatory minimum custodial term of ten years in prison.[1]

The Motion was filed because Defendant was sentenced to a longer term than he believed he would get under the Plea Agreement. He claims his counsel was ineffective in violation of the Sixth Amendment rights because he did not challenge Defendant's allegedly warrantless search, competently expunge Defendant's state court misdemeanor conviction, or secure a safety valve exception to the mandatory minimum sentence pursuant to the United States Sentencing Guidelines Section 5C1.2. He claims he would not have entered into the Plea Agreement and waived his rights to appeal and collaterally attack the sentence if it were not for his counsel's representations that he would qualify for the safety valve exception and that the right to challenge the sentence would survive the guilty plea. In his traverse, Defendant also requests an evidentiary hearing.

The Plea Agreement informed Defendant that by pleading guilty he would waive certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence: "In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, . . .." (Plea Agreement at 10.) There was only one exception to Defendant's waiver, if "the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." (*Id*.)

The Plea Agreement stated that Defendant was facing a maximum custodial sentence of life in prison and a mandatory minimum of ten years. (Plea Agreement at 4.) It also expressly set forth the agreed-upon sentencing recommendations, including a reference to the safety valve exception. The parties agreed to recommend the safety valve exception "if applicable." (*Id*. at 7-8.) Further elaboration of this point in the Plea Agreement shows it was uncertain whether Defendant qualified. (*Id*. at 8 ("Defendant understands that if he does not qualify for § 5C1.2, defendant may be subject to a statutory

---

[1] Defendant's Certificate of Service indicates he deposited his Motion with prison officials on July 30, 2011. His motion is therefore deemed timely filed pursuant to the prison mailbox rule. Rule 3(d), Rules Governing Dect. 2255 Proceedings for the U.S. Dist. Cts.; *see also Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001).

- 2 -

1 minimum sentence.") In this regard, the parties also stipulated they had "**no** agreement as to defendant's
2 Criminal History Category." (*Id*. at 9 (emphasis in original).) Ultimately, the Government did not
3 recommend the safety valve exception, but a statutory minimum custodial sentence (*see* Government's
4 Sentencing Summary Chart filed Jul. 6, 2010), which the Court imposed.

5 Because Defendant was not sentenced to a longer term than the high end of the guideline range
6 recommended by the Government or statutory minimum, the sentence imposed does not violate the Plea
7 Agreement, and does not fall within the exception to the waiver. Defendant initialed every page and
8 signed the Plea Agreement representing he "had a full opportunity to discuss all the facts and
9 circumstances of this case with defense counsel, and has a clear understanding of the charges and the
10 consequences of this plea." (Plea Agreement at 5.) He does not contend he was unaware of, or did not
11 understand, the waiver or any other provision in the Plea Agreement.

12 When Defendant subsequently appeared in court to change his plea to guilty, Magistrate Judge
13 Peter C. Lewis conducted a hearing under Rule 11 of the Federal Rules of Criminal Procedure in which
14 he confirmed Defendant was of sound mind, explained to him the charges against him and the rights he
15 was giving up by pleading guilty, and determined there was a factual basis for the plea. (*See* Tr. of the
16 Change of Plea Hearing, May 19, 2010 ("Change of Plea").) The Judge also informed Defendant of the
17 penalties for his offense, including the maximum life sentence and the mandatory minimum of ten years
18 in prison. (*Id*. at 5.) He then discussed the upcoming sentencing with Defendant:

19 > The Court: . . . Have you discussed the Sentencing Guidelines with your attorney?
> . . .
20 > The Defendant: Yes, Sir.
> The Court: I want you to understand, however, that these Sentencing Guidelines are
21 > advisory, and they are not obligatory on the Court or the Judge. The Judge still has the
> discretion to sentence you up to the statutory maximum in your case. . . . Do you
22 > understand that?
> . . .
23 > The Defendant: Yes, Sir.
> The Court: . . . Finally, you should understand also that once you are sentenced, you will
24 > not be able to withdraw this guilty plea that you're making mere today. Understood?
> . . .
25 > The Defendant: Yes, Sir.

26 (*Id*. at 6-7.) Finally, the Judge inquired whether Defendant had any question about the Plea Agreement,
27 but he had none. (*Id*. at 8.) The Judge then reviewed the waiver provision of the Plea Agreement with
28 Defendant:

- 3 -

> The Court: . . . The Plea Agreement does call for waiver of appeal and collateral attack. So long as you are sentenced no higher than the high end of the guideline range recommended by the government, pursuant to the Plea Agreement at the time of sentencing, do you understand that provision and agree to that?
> . . .
>
> The Defendant: Yes, Sir.

(*Id.*)

At the sentencing, the Court imposed the statutory minimum custodial sentence consistent with the Plea Agreement. (Tr. of Sentencing Hearing, Aug. 6, 2010 ("Sentencing").)  The Court did not apply the safety valve exception because Defendant's prior state court misdemeanor conviction was dismissed pursuant to California Penal Code Section 1203.4, which did not expunge it for this purpose. *See United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001); *United States v. Alba-Flores*, 577 F.3d 1104 (9th Cir. 2009). After sentencing Defendant to the ten year statutory minimum custodial sentence, the Court informed him he had no right to appeal or collaterally attack the sentence:

> The Court: There also would not be a right of appeal, in that you have been sentenced in accordance with your Plea Agreement. There also would not be the right to later collaterally attack the sentence and judgment as you have been sentenced in accordance with your Plea Agreement.
> Do you understand?
>
> The Defendant: Yes.

(Sentencing at 7-8.)

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011), quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A waiver is unenforceable with respect to ineffective assistance of counsel claims to the extent they challenge the voluntariness of the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

The language of the Plea Agreement at issue is sufficiently broad to encompass Defendant's pending challenges to his sentence. (*See* Plea Agreement at 10.) To the extent Defendant complains his counsel was ineffective in that the did not challenge the constitutionality of his search incident to arrest, obtain an adequate expungement of the state court misdemeanor conviction, or argue well enough in support of the safety valve exception at the sentencing, those issues do not implicate the voluntariness

1 of Defendants' waiver and are therefore precluded by the Plea Agreement. *See United States v. Abarca*,
2 985 F.2d 1012 (9th Cir. 1993). However, to the extent Defendant's ineffective assistance claim is based
3 on his counsel's advice that the safety valve exception would apply to his sentence and his ability to
4 challenge the sentence would survive the guilty plea, and to the extent Defendant entered into the Plea
5 Agreement in reliance on this advice, the Motion raises the issue whether Defendant's waiver was
6 voluntary. *See Lampert*, 422 F.3d at 871.

7 "[T]he two-part *Strickland v. Washington*[, 466 U.S. 668 (1984),] test applies to challenges to
8 guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To
9 establish the deficient performance part under *Strickland*, "a person challenging a conviction must show
10 that 'counsel's representation fell below an objective standard of reasonableness. A court considering
11 a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was
12 within the 'wide range' of reasonable professional assistance. The challenger's burden is to show 'that
13 counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the
14 defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 787 (2011),
15 quoting *Strickland*, 466 U.S. at 687-89. To establish the prejudice part, "a challenger must demonstrate
16 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would
17 have been different. A reasonable probability is a probability sufficient to undermine confidence in the
18 outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the
19 proceeding.'" *Harrington*, 131 S. Ct. at 787, quoting *Strickland*, 466 U.S. at 693-94; *see also Hill*, 474
20 U.S. at 59 (whether the outcome would likely be different had the petitioner gone to trial). In cases such
21 as this, where the petitioner pled guilty and acknowledged his guilt, it is "often quite difficult . . . to
22 satisfy *Strickland's* prejudice prong." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1484 n.12 (2010)
23 (discussing *Hill*).

24 Although Defendant is convinced he was entitled to a shorter sentence, he does not contend that
25 had he known he would receive a statutory minimum of ten years in custody under the Plea Agreement,
26 he would instead have chosen to go to trial and risk receiving a life sentence. Defendant's present
27 contention that he pled guilty and waived his rights because his counsel had promised him a safety valve
28 exception and that a challenge to the sentence would survive the Plea Agreement, are contradicted by

Defendant's prior statements. By signing the Plea Agreement he acknowledged that "any estimate of the probable sentence by defense counsel is a prediction, not a promise," and affirmed he was "pleading guilty because in truth and in fact [he was] guilty and for no other reason." (Plea Agreement at 7 & 5.) Furthermore, he expressly acknowledged his waivers in the Plea Agreement, at the change of plea hearing and at the sentencing. Finally, he has not presented grounds to conclude that had he gone to trial, he would have received a lesser custodial sentence than ten years. Even if Defendant's counsel's performance were deficient, an issue on which the Court does not express an opinion, the record contradicts a showing of prejudice.

Defendant requests an evidentiary hearing. An evidentiary hearing is required when the defendant alleges "specific facts which, if true, would entitle him to relief," and the motion, files and records of the case "cannot conclusively show that he is entitled to relief." *Howard v. United States*, 381 F.3d 873, 877 (9th Cir. 2004). When claims in a section 2255 motion are "conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *Id*. at 879. "Specific, credible evidence" is needed to move a claim beyond a bald assertion. *Id*. In light of the record, Defendant's claims are not credible and are unsupported by specific evidence necessary to raise them above bald assertions. Accordingly, Defendant's request for an evidentiary hearing is denied.

Based on the foregoing, Defendant's Motion is **DENIED**. Civil case no. 11cv1851 is **DISMISSED WITH PREJUDICE**. Certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 2, 2011

HON. DANA M. SABRAW
United States District Judge